UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PETER DAVID MCBEAN, | ) | CASE NO. 4:09 CV1492 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RODDY RUSHING, WARDEN, | ) | |
| N.E.O.C.C., | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Peter David McBean's above-captioned action against Warden Roddy Rushing at Northeast Ohio Correctional Center (N.E.O.C.C.). Mr. McBean, who is incarcerated at the N.E.O.C.C., brings this action pursuant to 28 U.S.C. §2241. He asserts the respondents are violating the Constitution, Administrative Policies of the Bureau of Prisons, as well as "his civil rights." He seeks the restoration of Good Credit Time forfeited as a sanction for a Code violation and 2 days for every day he was held in the Special Housing Unit (SHU).

*Background*

Mr. McBean was "forcefully ejected" from N.E.O.C.C.'s library on January 29, 2009. He complains this violated his constitutional rights because he was "off-duty pursuant to 28 C.F.R. § 543.11(a), §541.12 §1,6, & 8; CCA/N.E.O.C.C. policy 14-8.4." Filing a formal complaint to the Corrections Corporation of America (CCA) on February 2, 2009, Mr. McBean claimed his First

Amendment right to access the courts was violated. The CCA Grievance Officer responded in a February 20, 2009 letter explaining a subordinate misinterpreted a supervisor's order regarding plaintiff's presence in the library. The Officer noted Mr. McBean was permitted to use the library during the next session.

Before the CCA responded to petitioner's grievance, Mr. McBean attempted to use the library on February 10, 2009. This decision resulted in the issuance of an Incident Report. On that date, the librarian was performing an accountability check to assure all inmates were signed in. It was then she noticed Mr. McBean using the typewriter after he signed in. She advised him inmates from unit B were scheduled to use the library at the time. Because petitioner was from a different unit he was charged with a Code 316 violation, "Being in an Unauthorized Area." Petitioner countered he had a constitutional right to be in the law library and the schedule was unconstitutional. The Unit Disciplinary Committee (UDC) determined petitioner committed the act and was guilty of violating Code 316. The UDC imposed a sanction of lost telephone privileges for 30 days.

Three days after the library incident, inmate counselor B. McGowan was walking out of SHU towards the property room when he encountered petitioner. Mr. McBean asked Counselor McGowan why he imposed the sanction of 60 days loss of telephone privileges. When Mr. McGowan replied it was because of the incident report, petitioner stated: "You will regret that, mark my words Mr. McGowan you will regret it." (Pet.'s Ex. A #4.) Based on this statement, an incident report was issued charging petitioner with a Code 203 violation, "Threatening Another with Bodily Harm."

Petitioner denied the charges and prepared a statement attached to the report. The facts leading up to his statement are undisputed. Mr. McBean added that Mr. McGowan explained

2

the sanction was imposed "because of the incident that I just had & the one prior a few months hence." (Pet. Ex. A. #5.) In response, Mr. McBean argues he simply stated: "'You'll rue your decision because I should not have been put in the 'hole' in the first place, I'll prove it, you'll see.' I threatened no one." (Pet. Ex. A. #5.) The UDC referred the matter to the Disciplinary Hearing Officer (DHO) for greater sanctions than those afforded at his level.

The disciplinary hearing was held on February 19, 2009. No witnesses were called and Mr. McBean waived his right to staff representation. Again, he denied the charges and referred the DHO to the statement he provided earlier. The DHO considered the separate eye witness accounts of both Correctional Officers R. Garret and C. Frazzini, as well as the original statement of Counselor McGowan. Ultimately, the DHO found Mr. McBean committed the prohibited act of threatening another with bodily harm. Petitioner was sanctioned with the loss of 27 days GCT, disciplinary segregation and disciplinary transfer.

In the course of his administrative appeals, Mr. McBean argued the charges were pretextual. While he admitted telling Counselor McGowan he would "rue" his decision, he disagreed the statement was threatening. Instead, petitioner believes he was being punished for filing several grievances during the course of his incarceration. He argues the charges against him are false and seeks an order from this court expunging his record.

*Standard of Review*

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added.) Based on the facts set forth belief, petitioner is not

entitled to habeas relief in this matter.

*28 U.S.C. § 2241*

For prisoners seeking to challenge the "legality or duration" of confinement, habeas corpus proceedings are the proper mechanism. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Conversely, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Muhammed v. Close, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

To the extent Mr. McBean challenges the decision to sanction him with the loss of 27 days GCT, this court has habeas jurisdiction over the matter. Moreover, he has exhausted his administrative remedies with the BOP, as is required before judicial review. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). The court will not, however, address the merits of his allegations regarding the constitutionality of N.E.O.C.C.'s library use policies and practices as the matter is beyond the scope of habeas review. See Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir.2003) ("the likelihood of the effect on the overall length of the prisoner's sentence ... determines the availability of habeas corpus"), cert. denied, 541 U.S. 1063 (2004).

*Disciplinary Hearing*

An inmate facing the potential loss of good-time credits for a disciplinary infraction is entitled to a decision by an impartial tribunal. Woodson v. Lack, 865 F.2d 107, 109- 10 (6th Cir.1989) (citing Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974)). In order to provide an

4

impartial body, the Supreme Court determined that inmates facing disciplinary hearings are to be afforded (1) written notice of the charged violation; (2) disclosure of the evidence against them; (3) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (4) a neutral and detached hearing body; and (5) a written statement by the fact finders as to evidence relied on and reasons for any disciplinary action. Wolff, 418 U.S. at 564. Additionally, a prison disciplinary decision will comport with the requirements of due process "if some evidence supports the decision by the prison disciplinary board. Superintendent, Mass. Corr. Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985).

The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credibility or weighing of evidence by the federal courts. Id. Consequently, a prison disciplinary decision should be upheld if "some evidence" in the record supports the decision. Id. at 455-56.

Here, the record reveals an evidentiary basis for the DHO's decision. First, the incident report reveals Mr. McBean addressed Counselor McGowan on the date and time reported. Second, petitioner stated the counselor would "rue" his decision to sanction him with the loss of GCT. To further clarify petitioner's choice of words, the DHO checked the dictionary definition of "rue," and found it synonymous with "regret." Third, three other officers heard petitioner make the statement. Fourth, at the hearing before the DHO Mr. McBean, again, admitted he made the statement to Counselor McGowan, but claims he did not mean it as a threat. Moreover, he was given twenty-four hours to prepare an additional defense and failed to provide further support.

The DHO weighed the evidence and found Mr. McBean "committed the prohibited act of threatening another with bodily harm," a Code 203 violation. This violation is considered a

5

"High Category Offense," which requires the DHO "impose and execute one or more of sanctions A through M." 28 C.F.R. § 541.13. These sanctions include:

> B.1, Disallow ordinarily between 25 and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
>
> C. Disciplinary transfer (recommend).

28 C.F.R. § 541.13, TABLE 3--PROHIBITED ACTS AND DISCIPLINARY SEVERITY SCALE. Thus, it clear the DHO was within his rights to impose the sanctions about which Mr. McBean complains.

Because the DHO's decision is supported by "some evidence" in the record, petitioner's substantive due process rights were met. See id. The court is not permitted to re-weigh the evidence presented to the board. Id. at 455. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457. It is not the court's role to determine the 'reasonableness' of the BOP's decision.

*Conclusion*

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 10/26/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE